IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RONALD CARNEY, * | |
| Plaintiff, * | |
| * | |
| v. * | CIVIL ACTION No. B-03-173 |
| * | |
| GI JANE, JANE DOE, DEPARTMENT * | |
| OF VETERANS AFFAIRS, * | |
| Defendants. * | |

**DEFENDANTS' MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, by and through Michael T. Shelby. the United States Attorney for the Southern District of Texas, move this Court to Dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. In addition, Defendants submit that this lawsuit is also subject to dismissal for failure to properly serve the Defendants herein. Rules 12(b)(2), (4) and (5).

**I. Background**[1]

Plaintiff, Ronald Carney, is a veteran of the United States Navy. He served with the Navy from June 27, 1989, to November 4, 1993, at which time he received an honorable discharge.

On December 1, 1993, the Veterans Administration (VA) determined that the Plaintiff had a service related disability for schizophrenia. As a consequence, the Plaintiff began

---

[1] All of the information provided in this section is provided by Mark M. Bilosz, Veterans Service Center Manager for the Department of Veterans Affairs Regional Office in Newark, New Jersey. Mr. Bilosz has provided an affidavit regarding his review of Plaintiff's file and it is attached hereto as Govt's Ex. 1. This affidavit also references Exhibits "A", "B", and "C". These exhibits are also attached and incorporated by reference herein.

receiving benefits in the amount of $87.00 a month. Since this award was originally made, the Plaintiff's veterans benefits have increased annually due to cost of living adjustments.

On April 7,1997, the Plaintiff sought an increase in his benefits. On September 5, 1997, the VA conducted a medical and mental examination of the Plaintiff for the purposes of adjudicating the Plaintiff's claim for increased benefits. Based upon this examination, the physician diagnosed Plaintiff with "paranoid schizophrenia." The examining physician also concluded that the Plaintiff was not capable of handling his own financial affairs and was in need of pyschiatric attention.

As a result, the VA determined that the Plaintiff's service connected disability benefit should be increased from 10% to 100% effective April 9, 1997. On April 25, 1998, the VA advised the Plaintiff of its decision and that it proposed to find the Plaintiff incompetent to handle his financial affairs. The VA provided the Plaintiff an opportunity to contest the VA's findings. Plaintiff never responded; therefore, on September 9, 1998, the VA found the Plaintiff to be incompetent to handle VA funds.

On April 19, 1999, the VA appointed the Plaintiff's father, Roland Green, as the legal custodian of his VA benefits. In July 1999, Mr. Green withdrew as his son's custodian. On August 16, 1999, the VA appointed B. John Kaufman, an attorney from New Jersey, as the successor legal custodian of the Plaintiff's VA benefit money.

**II.     This Court Lacks Subject Matter Jurisdiction and Plaintiff has failed to State a Claim upon which Relief can Be Granted.**

    **A.     The Doctrine of Sovereign Immunity Precludes Judicial Review of VA's Actions in This Case.**

It is fundamental, under the doctrine of sovereign immunity, that the United States

...

cannot be sued without its consent.  *United States v. Testan*, 424 U.S. 392 (1976); *United States v. Sherwood*, 312 U.S. 584 (1941); *Richards v. United States,* 176 F.3d 652, 654 (3d Cir. 1999); *Beamon v. Brown,* 125 F.3d 965, 967 (6th Cir. 1997).  Sovereign immunity protects the United States from liability and also deprives a court of subject-matter jurisdiction over claims against the United States.  *Richards,* 176 F.3d at 654.  Any governmental waiver of sovereign immunity must be unequivocal, and such waivers are strictly construed.  *E.g., United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. King*, 395 U.S. 1, 4 (1969); *In re Russell,* 155 F.3d 1012 (8th Cir. 1998); *Beamon*, 125 F.3d at 967.

The United States has not waived its sovereign immunity as to review of Department of Veterans Affairs (VA) decisions or procedures by any court other than the United States Court of Appeals for Veterans Claims (CAVC), [2] the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court.  *Russell*, 155 F.3d at 1012-13.

To the extent that plaintiff may be seeking monetary relief for alleged violations of his constitutional rights, the Federal courts have consistently refused to countenance damage actions against the Government based on constitutional grounds.  *E.g.*, *Radin v. United States*, 699 F.2d 681, 684-85 (4th Cir. 1983); *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982), *cert. denied*, 459 U.S. 1210 (1983); *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir.), *cert. denied*, 459 U.S. 832 (1982).

While the Administrative Procedure Act (APA) does provide a waiver of sovereign

---

[2] The Court formerly known as the United States Court of Veterans Appeals has been redesignated the United States Court of Appeals for Veterans Claims, effective March 1, 1999.  Veterans Programs Enhancement Act of 1998, Pub. L. No. 105-368, §§ 511(a) and 513, 112 Stat. 3315, 3341, 3342.

immunity, 5 U.S.C. § 702, this waiver is only applicable to final agency action for which there is no other adequate remedy in court, 5 U.S.C. § 704. "Thus, the APA does not express the U.S. government's consent to suit [in district court] if an alternate adequate remedy is available to review a final agency action." *Beamon v. Brown*, 125 F.3d at 967.

The multi-tiered system of judicial review (CAVC, Federal Circuit, Supreme Court) created by the Veterans' Judicial Review Act (VJRA), Pub. L. No. 100-687, Div. A, § 101, 102 Stat. 4105 (1988), provides such an adequate alternate remedy. *Beamon*, 125 F.3d at 967-70. Further, the APA's waiver of sovereign immunity does not apply in cases in which statues preclude judicial review. 5 U.S.C. § 701(a)(1).

Section 511(a) of Title 38, United States Code, provides such a statutory preclusion. *Beamon*, 125 F.3d at 970. Sovereign immunity is therefore not waived under the APA with regard to the adjudication of veterans' benefit claims.

In addition, the mandamus statute, 28 U.S.C. § 1361, provides no waiver of sovereign immunity. *E.g.*, *Russell*, 155 F.3d at 1012. Moreover, because Federal appellate courts other than the United States Court of Appeals for the Federal Circuit lack subject-matter jurisdiction over appeals of CAVC decisions, they also lack jurisdiction to grant mandamus relief in the matters appealable to the CAVC. *Russell*, 155 F.3d at 1013 (noting that courts may only issue writs that are "'necessary or appropriate in aid of their respective jurisdictions'" (quoting 28 U.S.C. § 1651).

In the case at bar, Plaintiff cites no waiver of sovereign immunity applicable to this action. The suit is being brought against the sovereign without consent and must therefore be dismissed.

**B.    Plantiff's Claims Against VA Are Barred in the District Court by 38 U.S.C. § 511 Because They Appear to Seek Review of VA's Determination in an Individual Benefit Claim.**

Plaintiff's claims against VA, in essence, seek district court review of VA's determination in an individual benefit claim. District court review of VA benefit determinations has long been precluded by 38 U.S.C. § 511 and its predecessors.[3]

Section 511, as amended by the VJRA and the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991), provides in pertinent part that:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b),[4] the decision of the Secretary as to any question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

In the leading case interpreting the statute prior to its amendment in Pub. L. No. 100-687, *Johnson v. Robison*, 415 U.S. 361, 369-73 (1974), the Supreme Court recognized Congress' two-fold purpose in enacting what is now section 511. First, Congress wanted to ensure that veterans' benefit claims would not burden the courts and the VA with expensive and time-consuming litigation. *Id.* Second, Congress wanted to ensure that the technical and

---

[3] Former section 211(a) of title 38, United States Code, was recodified as section 511 by the Department of Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991).

[4] The only exceptions to preclusion of review specified at 38 U.S.C. § 511(b) are challenges to rulemaking under 38 U.S.C. § 502, certain insurance questions under 38 U.S.C. §§ 1975 and 1984, matters relating to housing and small business loans under 38 U.S.C. ch. 37, and review of Board of Veterans' Appeals decisions in the Court of Appeals for Veterans Claims under 38 U.S.C. ch. 72. None of these exceptions apply in this case.

complex determinations and applications of VA policy regarding such claims will be adequately and uniformly made. *Id.* The legislative history of the statute demonstrates that "Congress intends to exclude from judicial review all determinations with respect to noncontractual benefits provided for veterans and their dependents and survivors." H.R. Rep. No. 1166, 91st Cong., 2d Sess. 11, *reprinted in* 1970 U.S.C.C.A.N. 3723, 3731.

Federal courts construing the predecessors to section 511 consistently recognized that the statute barred district-court consideration of individual claims for veterans' benefits. *E.g.*, *Tietjen v. United States Veterans Admin.*, 884 F.2d 514 (9th Cir. 1989); *Rosen v. Walters*, 719 F.2d 1422 (9th Cir. 1983); *Demarest v. United States, 718 F.2d 964 (9th Cir. 1983); DeRodulfa v. United States*, 461 F.2d 1240 (D.C. Cir.), *cert. denied*, 409 U.S. 949 (1972); *Milliken v. Gleason*, 332 F.2d 122 (1st Cir. 1964), *cert. denied*, 379 U.S. 1002 (1965); *Holley v. United States*, 352 F. Supp. 175 (S.D. Ohio 1972), *aff'd*, 477 F.2d 600 (6th Cir.), *cert. denied*, 414 U.S. 1023 (1973).

However, prior to passage of the VJRA, a few judicially created exceptions to the judicial-review prohibition were recognized. Such exceptions included challenges to the constitutionality of veterans' benefit legislation, *e.g.*, *Robison*, 415 U.S. at 366-74, challenges to the authority of the Administrator (now Secretary) of Veterans Affairs to promulgate regulations, *e.g.*, *Wayne State Univ. v. Cleland*, 590 F.2d 627 (6th Cir. 1978), and suits asserting that a VA regulation violated a statute not primarily administered by VA, *e.g.*, *Traynor v. Turnage*, 485 U.S. 535 (1988).

Another line of cases, represented by *Greenwood v. United States*, 858 F.2d 1056 (5th Cir. 1988), permitted review of VA benefit decisions in certain situations where VA affirmatively sought to recover funds. *But compare New York v. Eadarso*, 946 F. Supp. 240,

242-43 (E.D.N.Y. 1996) (distinguishing this line of cases from action seeking reimbursement from VA for cost of medical treatment). [5]

The VJRA, enacted on November 18, 1988, provided a limited waiver of sovereign immunity for lawsuits seeking review of VA benefit decisions.  Subject to certain stated limitations, the VJRA vests exclusive jurisdiction in the CAVC to review such decisions. *See* 38 U.S.C. ch. 72. [6]

---

[5]   One Federal circuit found that the preclusion-of-review statute did not bar a district court from hearing claims that VA procedures violated due process. *Marozsan v. United States*, 852 F.2d 1469 (7th Cir 1988) (*en banc*) ("*Marozsan I*") (preclusion-of-review statute does not bar judicial review of constitutional challenges under the due-process clause of the Fifth Amendment to VA procedures applied in adjudicating veterans' claims); *but see Deloria v. Veterans Admin.*, 927 F.2d 1009, 1013 (7th Cir. 1991) (judicial review precluded where, although complaint was couched in constitutional terms, it did not specify any particular constitutional violation by VA).  In its subsequent decision in *Marozsan v. United States*, 90 F.3d 1284, 1287 (7th Cir. 1996), *cert. denied*, 520 U.S. 1109 (1997) ("*Marozsan II*"), the Seventh Circuit reiterated the conclusion it reached in *Marozsan I* that a veteran may not obtain review of an individual claim determination.  The court did not revisit its conclusion reached in *Marozsan I,* 852 F.2d at 1473 n.10, that a veteran may obtain review of allegations of unconstitutional methods employed by VA in arriving at benefit decisions.  The post-VJRA status of *Marozsan I* in the Seventh Circuit is somewhat uncertain, although the United States District Court for the Eastern District of Wisconsin, in *McCulley v. United States Dep't of Veterans Affairs*, 851 F. Supp. 1271, 1282 (E.D. Wis. 1994), stated that, in light of enactment of the VJRA, "any attempt" in *Marozsan I* to bestow on district courts jurisdiction over non-facial constitutional challenges to VA benefit decisions "appears outmoded."

[6]   Pursuant to 38 U.S.C. § 511(a), the Secretary of Veterans Affairs is responsible for deciding all questions concerning the provision of benefits to veterans, their dependents, or their survivors.  An appeal from the Secretary's decision concerning benefits lies with the Board of Veterans' Appeals, which is the division within VA responsible for deciding appeals from decisions on claims for veterans' benefits. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.101(a).  The Board of Veterans' Appeals' decision may be appealed by the claimant to the CAVC, pursuant to 38 U.S.C. § 7252(a), and then, under certain circumstances, to the United States Court of Appeals for the Federal Circuit, pursuant to 38 U.S.C. §§ 7252(c), 7292.

When Congress enacted the VJRA, establishing the CAVC as the exclusive forum for judicial review of VA veterans' benefits decisions, it intended to limit the judicially created exceptions to the preclusion-of-review statute. While discussing *Traynor* and similar decisions, the House Committee on Veterans' Affairs criticized *Traynor* as "endors[ing] judicial scrutiny of individual benefit determinations" and "hav[ing] little regard for the eroding effect that [such] decisions . . . have on the independence of the executive branch." H.R. Rep. No. 963, 100th Cong., 2d Sess. 21 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5782, 5803. The Committee further stated that, while it "believes that *Johnson v. Robison* was correct in asserting judicial authority to decide whether statutes meet constitutional muster, the reasoning of that case has taken the courts further into individual decision-making than Congress heretofore intended." *Id.* at 22, *reprinted in* 1988 U.S.C.C.A.N. at 5803.

The VJRA amended what was then section 211(a) to prohibit review of VA decisions "under a law that affects the provision of benefits by the [Secretary of Veterans Affairs]," whereas it had previously prohibited review of VA decisions "under any law administered by the Veterans' Administration providing benefits." VJRA, § 101, 102 Stat. at 4105. The purpose of that amendment was to "broaden the scope of section 211." H.R. Rep. No. 963 at 27, *reprinted in* 1988 U.S.C.C.A.N. at 5809.

The United States Court of Appeals for the Second Circuit has discussed the effect of the VJRA in providing, for the first time, judicial review of veterans' benefit decisions in the CAVC and, on appeal, in the United States Court of Appeals for the Federal Circuit, while at the same time broadening the statutory prohibition on judicial review in other courts. *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992). In *Larrabee*, the court stated:

>By providing judicial review in the Federal Circuit, Congress intended to obviate the Supreme Court's reluctance to construe the statute as barring judicial review of substantial statutory and constitutional claims, while maintaining uniformity by establishing an exclusive mechanism for appellate review of decisions of the Secretary.

*Id*. (citations omitted). The court then concluded that, "[a]lthough district courts continue to have 'jurisdiction to hear *facial* challenges of legislation affecting veterans' benefits,' other constitutional and statutory claims must be pursued within the appellate mill Congress established in the VJRA." *Id.* (citation omitted); *see also Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute (citations omitted)").

In *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994), *cert. denied*, 515 U.S. 1102 (1995), the Second Circuit stated that courts do not acquire jurisdiction over challenges to VA benefit determinations merely because the challenges are "cloaked in constitutional terms." The court went on to state that neither the Privacy Act, nor the Freedom of Information Act, may be used as "a rhetorical cover to attack VA benefits determinations." [7] *Id*.

---

[7] Numerous courts have held that the statutory bar to judicial review of VA benefit decisions cannot be circumvented by characterizing what are in essence challenges to VA benefit determinations in constitutional or other terms. Cases in which the preclusion-of-review statute was applied in suits alleging violation of constitutional or other rights include: *Tietjen,* 884 F.2d at 515 (court examined substance of claim characterized by plaintiff as due-process challenge); *Higgins v. Kelley*, 824 F.2d 690, 692 (8th Cir. 1987) (constitutional claim essentially a challenge to denial of benefits-- damages and injunctive relief sought); *Pappanikoloaou v. Administrator of Veterans Admin.*, 762 F.2d 8, 9 (2d Cir.), *cert. denied*, 474 U.S. 851 (1985) (damage claim for denial of due process—"one may not circumvent § 211(a) [now § 511] by seeking damages on a constitutional claim arising out of a denial of benefits"); *Rosen*, 719 F.2d at 1423-25 (preclusion-of-review statute bars attempt to use Privacy Act to seek review of VA benefit denial); *Taylor v. United States*, 642 F.2d 1118, 1120 (8th Cir. 1981) (*per curium*) (damage claim in substance an attempt to obtain review of a VA benefit

A constitutional challenge to veterans' benefit legislation has been permitted in a district court under the VJRA. *Disabled American Veterans v. United States Dep't of Veterans Affairs*, 962 F.2d 136, 140 (2d Cir. 1992) (preclusion-of-review statute does not deprive district courts of jurisdiction to hear facial challenges to legislation affecting veterans' benefits).[8]  However, where a plaintiff does not challenge the constitutional validity of any statute, but only raises claims arising out of the adjudication of a benefit matter, such claims may only be pursued through the CAVC.  *See Zuspann v. Brown*, 60 F.3d 1156, 1158-60 (5th Cir. 1995), *cert. denied*, 516 U.S. 1111 (1996); *Sugrue,* 26 F.3d at 11; *Eadarso*, 946 F. Supp. at 244 (constitutional claim against statute, "as applied," no facial challenge); *Beamon,* 125 F.3d at 972-74.

In *Zuspann*, 60 F.3d at 1159, the United States Court of Appeals for the Fifth Circuit

---

determination); *Carter v. Cleland*, 643 F.2d 1, 2, 5, 7 (D.C. Cir. 1980) (due-process allegation in essence merely a claim that the evidence did not support agency's finding); *Anderson v. Veterans Admin.*, 559 F.2d 935, 936 (5th Cir. 1977) (posture of constitutional attack does not remove suit from scope of preclusion-of-review statute); *Ross v. United States*, 462 F.2d 618 (9th Cir.), *cert. denied*, 409 U.S. 984 (1972) (damage action for due-process violation and defamation barred); *Milliken*, 332 F.2d at 123 (regardless of form, clear purpose and effect of suit was to obtain review of benefit decision); *Cabiya San Miguel v. United States Veterans Adm'r*, 592 F. Supp. 21, 22 (D.P.R. 1984), *aff'd*, 774 F.2d 1148 (1st Cir. 1985) (allegations "couched" in due-process terms); *Eadarso*, 946 F. Supp. at 244 ("constitutionally draped claim").  In all of these cases, the courts concluded that the plaintiffs' allegations were merely attempts to circumvent the preclusion-of-review statute and, accordingly, did not provide a basis for district court jurisdiction.

[8]  *See also Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995) (in determining district court jurisdiction, only one question remains after the passage of the VJRA, "whether the plaintiff is alleging a facial attack on the constitutionality of an act of Congress, or whether the plaintiff is challenging the VA's decision to deny him benefits"), *cert. denied*, 516 U.S. 1111 (1996).  *But see Hall v. U.S. Department of Veterans' [sic] Affairs*, 85 F.3d 532, 534 (11th Cir. 1996) (in light of the VJRA, the "vitality" of the holding in *Robison* concerning the jurisdiction of the district courts to entertain facial constitutional challenges to veterans' benefit legislation is "debatable").

observed that, since the enactment of the VJRA, Federal courts have refused to entertain constitutional claims based on VA's actions with respect to particular benefit claims. In that case, the court upheld dismissal of a veteran's claim that he had been denied adequate medical care in violation of the Rehabilitation Act and the Fifth Amendment to the Constitution. The court stated that "[t]he VJRA . . . created an exclusive review procedure by which veterans may resolve their disagreements with [VA]," 60 F.3d at 1158, and concluded that, because the veteran was challenging VA's decision to deny him benefits, his recourse lay in that procedure, rather than in the district court, *id*. at 1159-60. In the case at bar, the VA gave Plaintiff an opportunity to challenge its findings concerning the award of VA benefits and the appointment of a legal custodian. Plaintiff never indicated an objection. See, Govt's Exhibit 1.

In *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1370 (8th Cir. 1992), the United States Court of Appeals for the Eighth Circuit concluded that a claim that benefits were reduced in violation of the plaintiff's constitutional rights is encompassed by 38 U.S.C. § 511 and is not reviewable in any manner other than as provided in 38 U.S.C. ch. 72. The court emphasized that section 511 applies to *all* questions of law and fact necessary to a decision by the Secretary, including questions based on the Constitution. 961 F.2d at 1369.

In *Beamon,* 125 F.3d 965, the United States Court of Appeals for the Sixth Circuit affirmed the dismissal of a class action suit brought by a group of veterans challenging, on constitutional and other grounds, VA's procedures for processing benefit claims. Although the plaintiffs "attempted to distinguish and separate a constitutional challenge to VA procedures for making benefits decisions from their underlying claim for benefits," the court nonetheless found that the district court lacked subject-matter jurisdiction and that the veterans' claims

11

should properly have been pursued through the CAVC. *Id.* at 972-74. [9]

In *Hall v. U.S. Department Veterans' [sic] Affairs,* 85 F.3d 532 (11th Cir. 1996), the United States Court of Appeals for the Eleventh Circuit affirmed dismissal for lack of subject-matter jurisdiction of a challenge by an incarcerated veteran to the constitutionality of a VA regulation, 38 C.F.R. § 3.665, which requires reduction in disability compensation during periods of incarceration in excess of sixty days for felony convictions. The court held that, except for the avenue of judicial review available through the VJRA, judicial review of the regulation is available exclusively in the United States Court of Appeals for the Federal Circuit in accordance with 38 U.S.C. § 502. 85 F.3d at 535.

Thus, under 38 U.S.C. 511(a), constitutional challenges to VA regulations and procedures must be filed with the CAVC under 38 U.S.C. § 7252 or, in the case of direct review of regulations pursuant to 38 U.S.C. § 502, with the United States Court of Appeals for the Federal Circuit.

Finally, the courts continue to be vigilant in thwarting attempts by plaintiffs to hide their true causes of action to avoid the prohibitions of section 511. In *Weaver*, 98 F.3d at 520, the Tenth Circuit stated that it would examine the substance of allegations relating to a denial of veterans' benefits, rather than their labels, to determine their true nature. The court dismissed allegations of conspiracy, fraud, and misrepresentation by VA officials involved in

---

[9] In *Beamon*, the Sixth Circuit found that the CAVC's inability to review veterans' claims asserted as class actions did not preclude a finding that the CAVC provided an adequate forum. 125 F.3d at 969-70. The court noted that the veterans' class action suit could not properly be brought in a district court because the Federal Rules of Civil Procedure provisions governing class actions do not confer on district courts jurisdiction over claims they could not hear if brought individually. *Id.* (citing Fed. R. Civ. P. 82).

12

the claim adjudication process, concluding that they were, "in substance, nothing more than a challenge to the underlying benefits decision." *Id*. In *Hicks v. Small*, 69 F.3d 967, 970 (9th Cir. 1995), the Eleventh Circuit affirmed the district court's dismissal for lack of subject-matter jurisdiction of a plaintiff's tort claims under state law for outrage or intentional infliction of emotional distress. The court of appeals agreed with the district court that the plaintiff's tort claims were specifically precluded by 38 U.S.C. § 511(a) because they would have necessitated consideration of issues of law and fact involving the decision to reduce the plaintiff's benefits. 69 F.3d at 970.

Even in the interest of justice, courts may not extend their jurisdiction where none exists. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). The district court is precluded from asserting jurisdiction over plaintiff's claims against VA by operation of 38 U.S.C. § 511. Accordingly, this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**III.    Service upon the United States Has not Been Properly Perfected.**

The Federal Rules of Civil Procedure requires that the Plaintiff to serve agency or officer whose actions he is challenging with a summons and complaint; the Plaintiff is also required to serve the United States Attorney for the Southern District of Texas and the United States Attorney General with a copy of the summons and complaint. *See also*, Rules 4(i)(1)(A),(B), and (C) of the FRCP.

Plaintiff apparently served a copy of the summons and complaint upon his Legal Custodian, B. John Kaufman. However, Plaintiff has not served the United States Attorney for the Southern District of Texas or the United States Attorney General. Therefore, his complaint should be dismissed pursuant to Rules 12 (b)(2), (4) and (5) of the Federal Rules of Civil Procedure. See also, Rule 4(m), FRCP (unless Plaintiff can make a showing of good cause, the

court may-on its own motion-dismiss a case if not served within one hundred, twenty days of filing the complaint).

## IV.  Conclusion

Plaintiff has not stated a claim upon which relief can be granted.  Moreover, this Court lacks subject matter jurisdiction over any claims Plaintiff may be trying to pursue concerning the award of VA benefits and the appointment of a legal custodian.  And finally, Plaintiff has not properly served the Defendant herein.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Court enter an order dismissing this lawsuit.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

  /s/ *Nancy L. Masso*
NANCY L. MASSO
Assistant U.S. Attorney
600 E. Harrison, #201
Brownsville, TX 78520
Tel:   (956) 548-2554
Fax:   (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the true and foregoing "Defendants' Motion to Dismiss" via Certified Mail, Return Receipt Requested and first class mail to Mr. Ronald Carney through the address listed the summons served upon Mr. Kaufman at 952 E. Levee St., Brownsville, Texas 78520. No other known address is available for this Plaintiff. Should the Court desire that this pleading be forwarded to another address, please advise.

Signed: May 27, 2005                 /s/ *Nancy L. Masso*
                                                               Nancy L. Masso
                                                               AUSA