UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

Ronald Carney,　}
　　Plaintiff　　}
　　　　　　　　}
　　　　　　　　}
v.　　　　　　　}
　　　　　　　　}
　　　　　　　　}  Civil Action No. B-03-173
GI Jane, Jane Doe el,　}
Department of Veterans Affairs,  }  AFFIDAVIT OF
　　Defendant　　}  MARK M. BILOSZ

STATE OF NEW JERSEY　}
　　　　　　　　　　　}
COUNTY OF ESSEX　　　}

　　MARK M. BILOSZ, of full age, being duly sworn upon his oath, deposes and says:

　　1.　I am the Veterans Service Center Manager for the Department of Veterans Affairs Regional Office, 20 Washington Place, Newark, NJ 07102. As Manager of the Veterans Service Center, I am the custodian of the VA claims folder of Ronald Carney. I have reviewed Mr. Carney's claims folder and am familiar with it and am qualified to make this affidavit.

　　2.　Mr. Carney served in the United States Navy from June 27, 1989 to November 4, 1993 when he received an honorable discharge. He filed a claim for VA benefits on March 24, 1994. Effective December 1, 1993, VA determined that he had a service-connected disability for schizophrenia at the ten percent rate and zero percent for a back condition, with a combined evaluation of ten percent. (Exhibit A attached) VA



GOVERNMENT EXHIBIT 1
Page 1 of 3

awarded Mr. Carney monthly benefits in the amount of $87.00, effective December 1, 1993. Following the original award of VA benefits, the veteran's benefit increased annually for cost of living adjustments in accordance with VA regulations.

3. On April 7, 1997, Mr. Carney filed a claim for an increase in his service-connected benefits. On September 5, 1997, VA conducted a medical examination of Mr. Carney for the purpose of adjudicating his claim for an increase in benefits. The physician conducted a mental examination of Mr. Carney at that time as well. The examining physician provided the following observations in regard to the claimant's mental status:

> "The patient is well-dressed, young appearing. He is alert and oriented x3. Speech normal rate and volume. Memory was poor, concentration was poor. Mood/Affect: He was bright, friendly, states that he feels depressed at times. His affect was not constricted, nor flat. Intelligence was difficult to assess at this time. He denied suicidal or homicidal ideation. Positive for auditory hallucinations, negative for visual hallucinations. Positive for paranoia, states that he feels people are watching him when he is on the street or in a bus. He is very conscious of people talking about him. He was not tangential and was not circumstantial. He was not able to abstract. He was concrete. Insight is poor. Judgment is poor." *(sic)*

The veteran's GAF score was 45. Based upon the mental examination of the veteran, the physician made a diagnosis of paranoid schizophrenia. The examining physician further concluded that the veteran was not competent to handle his own financial affairs and was in need of psychiatric intervention.

4. Based upon the mental and physical examination conducted on September 5, 1997, the VA determined on May 11, 1998 that the veteran's schizophrenia was now 100% disabling. (Exhibit B attached) The veteran's service-connected disability benefit was increased to 100%, effective April 9, 1997.

5.  On June 25, 1998, VA notified the veteran that the physical and mental examination of September 5, 1997 revealed that he might need help in managing his financial affairs. (Exhibit C attached) VA proposed to rate the veteran incompetent for VA purposes. In the letter to the veteran, VA provided the veteran with the opportunity to submit evidence to the contrary. The veteran failed to respond to the proposed notice. On September 9, 1998, VA rated Mr. Carney incompetent to handle VA funds.

6.  Following the determination of incompetence to handle his financial affairs, on April 19, 1999, VA appointed Mr. Carney's father, Roland Green, as the legal custodian of his VA benefits. In July 1999, Mr. Green withdrew as his son's custodian. On August 16, 1999, VA appointed B. John Kaufman, an Attorney at Law of the State of New Jersey, as the successor legal custodian of Mr. Carney's VA benefit money. Mr. Kaufman continues to be custodian of Mr. Carney's VA funds at this time.

_____
MARK M. BILOSZ

Sworn to and subscribed before me,
an Attorney at Law of the State of
New Jersey, this 26th day of May 2005

_____
THOMAS K. KENNEDY
Attorney at Law of the
State of New Jersey

| **Rating Decision** | **Department of Veterans Affairs**<br>*Newark Regional Office* | | Page 1<br>05/11/98 |
|---|---|---|---|
| NAME OF VETERAN<br>R CARNEY | VA FILE NUMBER<br>137 64 3163 | SOCIAL SECURITY NR<br>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 | POA |

### ISSUE:

1. Evaluation of schizophrenia, paranoid type currently evaluated as 10 percent disabling; Entitlement to special monthly compensation because of the need for aid and attendance or being housebound.
2. Competency to handle disbursement of funds.
3. Evaluation of back condition currently evaluated as 0 percent disabling.

### EVIDENCE:

VA examination dated 09/05/97.

### DECISION:

1. Evaluation of schizophrenia, paranoid type, which is currently 10 percent disabling, is increased to 100 percent effective April 9, 1997; Entitlement to special monthly compensation is denied.
2. A finding of incompetency is proposed.
3. Evaluation of back condition, which is currently 0 percent disabling, is continued.

### REASONS AND BASES:

1. The evaluation of schizophrenia, paranoid type is increased to 100 percent disabling effective April 9, 1997, date of canceled stamp by the Post Office. An evaluation of 100 percent is assigned whenever there is evidence of total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Since there is a likelihood of improvement, the assigned evaluation is not considered permanent and is subject to a future review examination.

Additional compensation ("special monthly compensation") may be awarded if the claimant is blind, a patient in a nursing home because of mental or physical incapacity, or when the evidence shows aid and attendance is required to perform routine activities of daily living. Additional benefits may also be paid if the veteran has a single disability ratable at 100 percent and additional disabilities independently ratable at 60 percent or more, or if the veteran is substantially confined to his or her dwelling and immediate premises due to disability. Since none of these requirements have been met, entitlement to special monthly compensation is not established.

VA examination dated 09/05/97 shows he takes no medication. He has never worked. He stated he was an entrepreneur and is working in cyber. He was vague in responses. Mental status exam showed alert and

Exhibit A - Page 1 of 3

| **Rating Decision** | *Department of Veterans Affairs*<br>*Newark Regional Office* | | Page 2<br>05/11/98 |
|---|---|---|---|
| NAME OF VETERAN<br>R CARNEY | VA FILE NUMBER<br>137 64 3163 | SOCIAL SECURITY NR<br>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 | POA |

oriented x 3, speech normal, memory and concentration poor, mood/affect depressed at times, positive for auditory hallucinations, paranoid, not tangential or circumstantial, not able to abstract, concrete, insight poor, judgment poor. Diagnosis was paranoid schizophrenia. The GAF score was 45. The examiner indicated the veteran was delusional during the interview and was not competent to handle his own financial affairs.

2. A mentally incompetent person is defined as one who, because of injury or disease, lacks the mental capacity to control or manage his or her own affairs, including disbursements of funds without limitation. Where there is a doubt as to whether the beneficiary is capable of administering his or her funds, such doubt will be resolved in favor of competency. Since there is a definitive finding of incompetency by a physician in this case, and the claimant is not shown to be able to manage personal affairs to include disbursement of funds, we propose to make a determination of incompetency for VA purposes.

3. The evaluation of back condition is continued as 0 percent disabling. A noncompensable evaluation is granted for slight subjective symptoms only. A higher evaluation of 10 percent is not warranted unless evidence demonstrates characteristic painful or limited motion; or slight limitation of motion of the lumbar spine; or mild intervertebral disc syndrome.

VA examination dated 09/05/97 showed he complained of low back pain without radiation. Physical exam showed normal gait, no pain on palpation, no muscle spasm, full range of motion without pain, x-ray was normal. Diagnosis was no evidence of pathology of the lumbar spine.

| **Rating Decision** | *Department of Veterans Affairs*<br>*Newark Regional Office* | | Page 3<br>05/11/98 |
|---|---|---|---|
| NAME OF VETERAN<br>R CARNEY | VA FILE NUMBER<br>137 64 3163 | SOCIAL SECURITY NR<br>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 | POA |

| ACTIVE DUTY (Month/Day/Year) | | | | ADDITIONAL SERVICE CODE | COMBAT STATUS | SPECIAL PROVISION CODE | FUTURE EXAM (Month/Year) |
|---|---|---|---|---|---|---|---|
| EOD | RAD | EOD | RAD | | | | |
| | | | | | | | 0900 |

| COPY TO: | | EFFECTIVE DATE | BASIC | HOSPITAL | LOSS OF USE | ANAT. LOSS | OTHER LOSS |
|---|---|---|---|---|---|---|---|
| | S | | | | | | |
| | M | | | | | | |
| | C | | | | | | |

**JURISDICTION:** 020;3 Claim for increase received 04/09/97

1. SC PGW INC

9203      SCHIZOPHRENIA, PARANOID TYPE
10% from 11-05-93
100% from 04-09-97

5295      BACK CONDITION
0% from 11-05-93 (CONT)

8. NSC (PGW PTE) (REC)
8199      BLACKOUTS
7899      SKIN CONDITION

COMB SC: 10% from 11/05/93
              100% from 04/09/97

_D. Lingelbach_
D LINGELBACH, Rating Specialist

RNEY3163-980511.RTG

Exhibit A - Page 3 of 3

| **Rating Decision** | *Department of Veterans Affairs*<br>*Newark Regional Office* | | Page 1<br>4/21/01 |
|---|---|---|---|
| NAME OF VETERAN<br>R. CARNEY | VA FILE NUMBER<br>137 64 3163 | SOCIAL SECURITY NR<br>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 | POA |

### ISSUE:

1. Evaluation of schizophrenia, paranoid type currently evaluated as 100 percent disabling; Entitlement to special monthly compensation because of the need for aid and attendance or being housebound.
2. Evaluation of back condition currently evaluated as 0 percent disabling.
3. Competency to handle disbursement of funds.
4. Eligibility to Dependents' Educational Assistance under 38 U.S.C. chapter 35.

### EVIDENCE:

Hospital report from VA Medical Center, East Orange from November 4, 2000 to November 8, 2000
Treatment reports from VA Medical Center, East Orange from November, 2000 to March, 2001
Reports of Field Examinations dated April 19, 1999 and August 16, 1999
The veteran failed to report for a VA examination scheduled at VA Medical Center, East Orange on April 17, 2001. Evidence expected from this examination which might have been material to the outcome of this claim could not be considered.

### DECISION:

1. Evaluation of schizophrenia, paranoid type, which is currently 100 percent disabling, is continued; Entitlement to special monthly compensation is denied.
2. Evaluation of back condition, which is currently 0 percent disabling, is continued.
3. A finding of incompetency is confirmed.
4. Basic eligibility to Dependents' Educational Assistance is established from November 4, 2000.

### REASONS AND BASES:

1. The hospital report from VA Medical Center, East Orange from November 4, 2000 to November 8, 2000 indicated that the veteran was grandiose. He had paranoid thoughts. His insight and judgment were limited. His mood was elevated. He denied suicidal or homicidal ideation. He denied hallucinations. Diagnosis was schizoaffective disorder, resulting in serious impairment in social and occupational functioning.

The treatment reports from VA Medical Center, East Orange from November, 2000 to March, 2001 indicate that in November, 2000, the veteran was noted to have pressured speech, loose associations, grandiose ideas and no insight. In December, 2000 the veteran was noted to be in total denial with zero insight.

The veteran failed to report for a VA examination scheduled at VA Medical Center, East Orange on April 17, 2001. Evidence expected from this examination which might have been material to the outcome of this claim could not be considered.

Exhibit B - Page 1 of 4

| **Rating Decision** | *Department of Veterans Affairs*<br>*Newark Regional Office* | | Page 2<br>4/21/01 |
|---|---|---|---|
| NAME OF VETERAN<br>R. CARNEY | VA FILE NUMBER<br>137 64 3163 | SOCIAL SECURITY NR<br>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 | POA |

The evaluation of schizophrenia, paranoid type is continued as 100 percent disabling. An evaluation of 100 percent is assigned whenever there is evidence of total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name.

Additional compensation ("special monthly compensation") may be awarded if the claimant is blind, a patient in a nursing home because of mental or physical incapacity, or when the evidence shows aid and attendance is required to perform routine activities of daily living. Additional benefits may also be paid if the veteran has a single disability ratable at 100 percent and additional disabilities independently ratable at 60 percent or more, or if the veteran is substantially confined to his or her dwelling and immediate premises due to disability. Since none of these requirements have been met, entitlement to special monthly compensation is not established.

2. The treatment reports from VA Medical Center, East Orange from November, 2000 to March, 2001 indicate that in March, 2001, the veteran had complaints of back pain for two weeks. He was prescribed medication.

The veteran failed to report for a VA examination scheduled at VA Medical Center, East Orange on April 17, 2001. Evidence expected from this examination which might have been material to the outcome of this claim could not be considered.

The evaluation of back condition is continued as 0 percent disabling. A noncompensable evaluation is granted for slight subjective symptoms only. A higher evaluation of 10 percent is not warranted unless evidence demonstrates characteristic painful or limited motion.

The evidence does not show that the veteran has characteristic painful or limited motion of his lower back to warrant the assignment of a 10 percent evaluation for his service connected back condition.

The disability evaluation assigned by this decision includes consideration of the functional loss caused by this disability.

The evidence does not show exceptional or unusual circumstances that would warrant entitlement to an extraschedular evaluation for this condition.

3. The reports of Field Examinations dated April 19, 1999 and August 16, 1999 indicate that the veteran could not be trusted to manage his own finances.

| **Rating Decision** | *Department of Veterans Affairs*<br>*Newark Regional Office* | | Page 3<br>4/21/01 |
|---|---|---|---|
| NAME OF VETERAN<br>R. CARNEY | VA FILE NUMBER<br>137 64 3163 | SOCIAL SECURITY NR<br>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 | POA |

The treatment reports from VA Medical Center, East Orange from November, 2000 to March, 2001 indicate that there was evidence that the veteran was not mentally competent.

A mentally incompetent person is defined as one who, because of injury or disease, lacks the mental capacity to control or manage his or her own affairs, including disbursements of funds without limitation. Where there is a doubt as to whether the beneficiary is capable of administering his or her funds, such doubt will be resolved in favor of competency. Since there is a definitive finding of incompetency by a physician in this case, and the claimant is not shown to be able to manage personal affairs to include disbursement of funds, we have determined that the claimant remains incompetent for purposes of managing VA payments.

4. Eligibility to Dependents' Educational Assistance is derived from a veteran who was discharged under other than dishonorable conditions and has a permanent and total service-connected disability; or a permanent and total disability was in existence at the time of death; or the veteran died as a result of a service-connected disability. Basic eligibility to Dependents' Educational Assistance is granted as the evidence shows the veteran currently has a total service-connected disability, permanent in nature.

| **Rating Decision** | *Department of Veterans Affairs*<br>*Newark Regional Office* | | Page 4<br>4/21/01 |
|---|---|---|---|
| NAME OF VETERAN<br>R. CARNEY | VA FILE NUMBER<br>137 64 3163 | SOCIAL SECURITY NR<br>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 | POA |

| ACTIVE DUTY (Month/Day/Year) | | | | ADDITIONAL SERVICE CODE | COMBAT STATUS | SPECIAL PROVISION CODE | FUTURE EXAM (Month/Year) |
|---|---|---|---|---|---|---|---|
| EOD | RAD | EOD | RAD | | | | None |

| COPY TO: | | EFFECTIVE DATE | BASIC | HOSPITAL | LOSS OF USE | ANAT. LOSS | OTHER LOSS |
|---|---|---|---|---|---|---|---|
| | S | | | | | | |
| | M | | | | | | |
| | C | | | | | | |

**JURISDICTION:** 310;5 Medical report received 04-18-01

1. SC (GW INC) (CONT)

9203      SCHIZOPHRENIA, PARANOID TYPE
100% from 04-09-97

5295      BACK CONDTION
0% from 11-05-93

8. NSC (GW, PTE) (REC)
8199      BLACKOUTS
7899      SKIN CONDITION

COMB SC: 100% from 04-09-97

33. Incompetent from 09-09-98. (CONT)

Basic eligibility under 38 U.S.C. chapter 35 is established from 11-04-00.


_____
T. OLIVARI, Rating Specialist


RNEY3163.RTG

Exhibit B - Page 4 of 4

**DEPARTMENT OF VETERANS AFFAIRS**
Regional Office
20 Washington Place
Newark NJ 07102

June 25, 1998

In Reply Refer To: 309/2112em
CSS 137 64 3163

RONALD CARNEY
PO BOX 8376
NEWARK, NJ 07108

Dear Mr. Carney:

We have received information showing that because of your disabilities you may need help in handling your Department of Veterans Affairs (VA) benefits. We received the information from VAMC East Orange. The medical exam, dated September 5, 1997 shows schizophrenia, paranoid type.

We must decide if you are able to handle your VA benefit payments. We will base our decision on all the evidence we already have and any other evidence you may wish to send us. Before we make a final determination, you have the right to submit any evidence, information or statement which will present your side of the case.

We propose to rate you incompetent for VA purposes. This means a fiduciary may be appointed to help you manage your VA benefits. Payment of any money due you will be made directly to your fiduciary. This person or institution must use your payments for your benefit and is responsible to VA for their use.

If we take this action and you have no dependents, the value of your estate (not including your home) becomes a factor in deciding your entitlement. The law requires us to stop benefit payments to an incompetent veteran who has no dependent spouse or child if he or she is hospitalized or institutionalized by the United States, or any political subdivision, with or without charge, and has an estate worth more than $1500. We cannot start paying benefits again until the value of the estate drops below $500, the veteran is released from the institution, or the veteran is rated competent.

<u>Personal Hearing</u>. You can request a personal hearing to present evidence or argument on any important point in your claim. We will arrange a time and place for the hearing. You may bring witnesses who have personal knowledge of the circumstances. We will consider their testimony and keep it as part of our permanent records. We will furnish the hearing room, provide hearing officials, and prepare the transcript of the proceedings. We cannot pay for other expenses of the hearing, since we hold a personal hearing only upon a claimant's request.

Unless we hear from you within 60 days, we will assume you have no additional evidence and do not want a hearing. We will make our decision using the evidence we already have.

Exhibit C - Page 1 of 2

2

CSS 137 64 3163

Our policy is to assist a person with his or her claim in every reasonable way. We want you to have every benefit that you are entitled to under the law.

Representation. An accredited representative of a veterans organization or other service organization recognized by the Secretary of Veterans Affairs will represent you without charge. An agent or attorney may also represent you. However, an agent or attorney can also charge you for services performed on or after the date of a final decision by the Board of Veterans Appeals (38 U.S.C. 5904(c)).

Tell us if you want someone to represent you and we will send you the necessary forms.

**If You Have Questions**

If you have any questions, call us toll-free by dialing 1-800-827-1000. Our TDD number for the hearing impaired is 1-800-829-4833. *If you call, please have this letter with you.*

Sincerely yours,

*U. G. Henderson*

U. G. HENDERSON
Veterans Services Center Manager

Exhibit C - Page 1 of 2