**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

OPINION
United States District Court
Southern District of Texas
ENTERED

**AUG 0 8 2005**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RONALD CARNEY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-173 |
| | § | |
| G.I. JANE, JANE DOE, DEPARTMENT | § | |
| OF VETERANS AFFAIRS. | § | |
| Defendant. | § | |
| | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now before the Court is Plaintiff Ronald Carney's complaint (Dkt. No. 1) against the above named defendant. The Government's motion to dismiss (Dkt. No. 10) will also herein be considered. For the reasons set forth below the government's motion should be GRANTED and Plaintiff's suit DISMISSED without prejudice.

**BACKGROUND**

Plaintiff is a veteran of the United States Navy. On December 1, 1993, the Veterans Administration (VA) determined that Plaintiff suffered from service related schizophrenia and authorized disability benefit payments. In 1997, Plaintiff sought to have these benefits increased. In order to determine if his request should be granted the VA conducted a mental and medical examination of Plaintiff. The examining physician diagnosed Plaintiff with "paranoid schizophrenia" and concluded that he was incapable of handling his own financial affairs. The VA subsequently increased his disability benefits and, after notice, found him incompetent to manage the VA funds he was to receive. The VA then appointed Plaintiff's father to act as the legal custodian of Plaintiff's VA benefits. Not long after, however, Plaintiff's father withdrew as

1

custodian and the VA selected New Jersey attorney B. John Kaufman as the successor custodian. Plaintiff brought the instant action on October 1, 2003 contesting that appointment.[1]

## DISCUSSION

Under the doctrine of sovereign immunity, the United States enjoys immunity from any suit brought against it without its consent. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995). When applicable, this immunity deprives a court of subject matter jurisdiction over claims against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980)(quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

In the instant case there is no indication that the United States has waived its sovereign immunity as to review by this court, of the procedures established or decisions made by the Department of Veterans Affairs. The United States has only consented to be sued in regards to these matters in the United States Court of Appeals for Veterans Claims, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court. 38 U.S.C. § 7252 (2005); 38 U.S.C. § 7291 (2005); 38 U.S.C. § 7292 (2005); *See also, In re Russell*, 155 F.3d 1012, 1012-1013 (8th Cir. 1998). Such consent is to be strictly construed. *Orff v. United States*, – U.S. – , 125 S. Ct. 2606, 2610 (2005). Plaintiff cites no waiver of sovereign immunity

---

[1]Based on the language of his complaint Plaintiff apparently intends for the names "G.I. Jane" and "Jane Doe" to serve as representatives of the Department of Veterans Affairs (Dkt. No. 1).

2

applicable to his case.[2]  As such, under the doctrine of sovereign immunity, the district court has

no jurisdiction over Plaintiff's suit and it should be dismissed.

The Court also notes that Plaintiff's suit is likely barred because he appears to improperly

seek district court review of the VA's determination of an individual benefit claim.  Such action

is prohibited by statute.  38 U.S.C. § 511 (2005).  Additionally, Plaintiff's action is subject to

dismissal because he has not yet perfected service upon the United States.  FED. R. CIV. P.

12(b)(4) & (5).  Though he served a copy of the summons and complaint upon the VA appointed

custodian, B. John Kaufman, Plaintiff failed to serve the VA, the United States Attorney for the

Southern District of Texas, or the United States Attorney General.  Unless the Plaintiff can show

good cause why he failed to achieve service within 120 days of filing, his suit is subject to

dismissal without prejudice.  FED. R. CIV. P. 4(m).

## RECOMMENDATION

For the aforementioned reasons, the Government's motion to dismiss (Dkt No. 10) should

be GRANTED. Accordingly, Plaintiff's complaint (Dkt No. 1) should be DISMISSED

WITHOUT PREJUDICE.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within 10 days after being

---

[2]Though the Administrative Procedure Act (APA) does contain a waiver of sovereign immunity, this waiver only applies to final agency actions for which there is no other adequate remedy in court.  5 U.S.C. § 702.  In Plaintiff's case the three courts mentioned above (Veterans Claims, Federal Circuit, and Supreme Court) provide the requisite alternative remedy, thus the APA does not apply.

3

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this _____ day of August, 2005.

_____
Felix Recio
United States Magistrate Judge

4